**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA**

```
JOE SHIELDS, individually and on           )
behalf of a class of similarly situated    )
individuals,                               )
                                           )
                Plaintiff,                 )   No.
                                           )
        v.                                 )
                                           )
INPHONIC, INC., a Delaware Corporation,    )   Jury Trial Demanded
                                           )
                Defendant.                 )
-------------------------------------------x
```

**CLASS ACTION COMPLAINT**

Plaintiff Joe Shields brings this class action complaint against defendant InPhonic, Inc. ("InPhonic") to stop defendant's practice of making unsolicited text message calls to cellular telephones, and to obtain redress for all persons injured by its conduct. For his class action complaint, Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**NATURE OF THE CASE**

1. In an on-going effort to promote the sale of its customers' products and services, InPhonic, a self-described "leading provider of wireless services and mobile marketing applications," engaged in an especially pernicious form of marketing: the transmission of unauthorized advertisements, in the form of "text message" calls to the cellular telephones of consumers across the nation.

2. By effectuating these text message calls (hereinafter, "wireless spam" or "SMS Spam"), Defendant has caused such consumers actual harm, not only because the consumers

were subjected to a violation of their right to privacy, but also because of the annoyance and aggravation that necessarily accompanies unsolicited wireless spam. In virtually all instances they actually have to pay their cell phone service providers for the receipt of such wireless spam, or request that more such spam not be sent in the future, notwithstanding that it is sent in violation of specific legislation on the subject.

3. In order to redress these injuries, Shields, on behalf of himself and a nationwide class, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited voice and text calls to cell phones.

4. On behalf of the class, Shields seeks an injunction requiring Defendant to cease all wireless spam activities and an award of damages to the class members, together with costs and reasonable attorney's fees.

## PARTIES

6. Plaintiff Joe Shields is a citizen of Texas, residing in Galveston County, Texas.

7. Defendant InPhonic is a purveyor of wireless services and mobile marketing applications in the United States. It is a Delaware company with its principal place of business in Washington, D.C., and it conducts business throughout the United States.

## JURISDICTION

8. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), because (a) at least one member of the putative class is a citizen of a state different from Defendants, (b) the amount in controversy exceeds $5,000,000, exclusive of interests and costs, and (c) none of the exceptions under that subsection applies to the instant action.

## VENUE

9. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c).

## THE CONDUCT

10. In recent years, in response to laws limiting commercial solicitation via telephone, facsimile and email, advertisers seeking the cheapest means available have increasingly looked to alternative technologies through which to send bulk solicitations.

11. One of the newest types of inexpensive bulk marketing uses technology known as Short Message Services ("SMS"), which is a messaging system that allows the transmission of short text messages, usually limited to 160 or so characters, to and from cellular telephones.

12. An "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to a wireless device.  When an SMS message call is successfully made, the recipient's cellular phone rings, alerting him or her that a call is being received.

13. During the relevant time, Defendant owned and operated a text messaging system called Windcaster, which transmits text message advertisements to cellular telephones on behalf of Defendant and Defendant's customers.

14. In or about March, 2005, Defendant and/or its authorized agents, vendors, or contractors, used an automatic telephone dialing system to make text message calls to cellular telephone users in Texas and in other states in the United States, including a text message to the cellular telephone owned by Plaintiff.

15. The "from" field of one such transmission contained only the following cryptic term: sync.windcaster. The body of the message read as follows:

> Cingular: Cheer on your favorite team during NCAA March Madness. Download your team's fight song or school logo. Std chrgs apply. To stop msgs send STOP to 3711.

16. At 3:14 PM on March 28, 2005, plaintiff Joseph Shields' cell phone rang, indicating that he had received a text call.

17. The sender of the text call identified itself as only "sync.windcaster."

18. According to Plaintiff's carrier, Cingular, the text message referred to herein was not from Cingular and was considered a SPAM text message.

19. Defendant either initiated the text message call to Plaintiff's cellular telephone using an automatic telephone dialing system, or contracted with another entity to make said call using an automatic telephone dialing system.

20. Upon information and belief, the text message to Plaintiff was one of thousands of unsolicited commercial advertisements sent via SMS to the cellular telephones of persons around the United States, in the same fashion and by the same means as the one received by Plaintiff.

**CLASS ALLEGATIONS**

21. Shields brings this action, pursuant to FRCP 23(b)(2) and FRCP 23(b)(3), on behalf of himself and a class (the "Class") consisting of all persons residing in the United States who, within four years prior to the filing of this lawsuit, (1) were sent a text message by Defendant and (2) did not provide advance express consent to be sent such text message by Defendant.

22. Upon information and belief, there are tens of thousands of members of the Class who are geographically dispersed, such that joinder of all members is impracticable.

23. Common questions of law and fact exist as to all members of the Class and predominate over questions affecting individual members. Common questions for the Class include, but are not limited to:

   (a) Whether Defendant's conduct described herein is governed by the TCPA;

   (b) Whether the transmission of wireless spam Defendant distributed as alleged herein violates the TCPA; and

   (c) Whether the class members are entitled to treble damages based on the willfulness of Defendant's conduct.

22. Shields will fairly and adequately protect the interests of the Class, his claims are typical of the claims of the members of the class, and he has retained counsel competent and experienced in class action litigation.

23. A class action is superior to other available methods for fairly and efficiently adjudicating this controversy because, among other things, (a) joinder of all members of the class is impracticable, and (b) many members of the classes cannot vindicate their rights by individual suits because their damages are small relative to the burden and expense of litigating individual actions.

**COUNT I - TCPA Violations**

24. Shields incorporates by reference the foregoing allegations.

25. Defendant violated the right to privacy of Plaintiff and the class by the electronic transmission of written material to the cellular telephones of the members of the class, namely

unsolicited commercial advertisements through text message calls using an automatic telephone dialing system and/or using an artificial and prerecorded message.

26.     These text message advertisement calls were made without the prior express invitation or permission of Plaintiff and the members of the class.

27.     Defendant has, therefore, violated the TCPA, 47 U.S.C. 227(b)(1)(A)(iii).

28.     As a result of Defendant's illegal conduct as alleged herein, the members of the class suffered actual damages and, under section 227(b)(3)(B), are each entitled, *inter alia,* to a minimum of $500.00 in damages for each such violation of the TCPA

29.     Should the evidence show that Defendant's violations of the TCPA were willful and knowing, the Court may, pursuant to section 227(b)(3)©), treble the amount of statutory damages awarded to the members of the Class.

WHEREFORE, Plaintiff Joseph Shields, on behalf of himself and the Class, prays for the following relief:

1.     An order certifying the Class as defined above;

2.     An award of actual and/or statutory damages;

3.     An injunction requiring Defendant to cease all wireless spam activities

4.     Reasonable attorney's fees and costs; and

5.     Such further and other relief the Court deems appropriate.

## COUNT II – Injunctive Relief

30.     Plaintiff incorporates by reference the foregoing allegations.

31.     Defendant and/or its agents or independent contractors have possession, custody and control of the business records, databases, computer systems and other information and

equipment necessary to identify the members of the class, including but not limited to the names, addresses and cellular telephone numbers of the class members. Unless immediate injunctive relief is ordered, defendant will alter, erase, delete, destroy or otherwise dispose of and remove such systems, records and equipment. For this reason, plaintiff is entitled to an order prohibiting and enjoining defendant and its agents or independent contractors from altering, deleting, destroying or otherwise disposing of any documents, records, databases or computer systems that are necessary to identify the members of the class.

32. Defendant should be enjoined from further violations of the TCPA.

WHEREFORE, Plaintiff Joseph Shields, on behalf of himself and the Class, prays for the following relief:

1. An order certifying the Class as defined above;

2. An injunction requiring Defendant to cease all wireless spam activities and restraining Defendant from altering, erasing, changing, deleting, destroying or otherwise removing or disposing of any documents, records, databases, computer systems and the like currently in its possession or control or in the possession or control of its agents and contractors which are used or useful in identifying all persons, corporations or other entities to whom defendant has transmitted its text message advertisements;

3. Reasonable attorney's fees and costs; and

4. Such further and other relief the Court deems appropriate.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

                                                             Joe Shields, individually and on behalf of a class of similarly situated individuals

                                                             _____/s/_____
                                                             One of his attorneys

| | |
|---|---|
| John Blim (Pursuant to LCvR 83.2(c)(1)) | John G. Jacobs (Pursuant to LCvR 83.2(c)(1)) |
| Jay Edelson (Pursuant to LCvR 83.2(c)(1)) | Bryan G. Kolton (Pursuant to LCvR 83.2(c)(1) |
| Myles McGuire (Of Counsel) | THE JACOBS LAW FIRM, CHTD. |
| BLIM & EDELSON, LLC | 122 South Michigan Avenue, Suite 1850 |
| 53 West Jackson Boulevard, Suite 1642 | Chicago, Illinois 60603 |
| Chicago, Illinois 60604 | Telephone: (312) 427-4000 |
| Telephone: (312) 913-9400 | Telefax: (312) 427-1850 |
| Telefax: (312) 913-9401 | |

Stephen H. Ring (DC Bar #255562)
Eric J. Menhart (DC Bar Pending)
STEPHEN H. RING, P.C.
20300 Seneca Meadows Parkway, Suite 200
Germantown, Maryland 20876
Telephone: (301) 540-8180
Telefax: (301) 540-8195

06-1911
E CKK

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
JOE SHIELDS

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS
INPHONIC, INC.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____

CASE NUMBER 1:06CV01911

JUDGE: Colleen Kollar-Kotelly

DECK TYPE: General Civil

DATE STAMP: 11/08/2006

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Listed on Complaint

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ☒ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☒ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
47 USC 227 - TCPA - Telephone Consumer Protection Act - Wireless Advertising

**VII. REQUESTED IN COMPLAINT**  ☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  DEMAND $ $5,000,000 or More  Check YES only if demanded in complaint  JURY DEMAND: ☒ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  ☐ YES  ☒ NO  If yes, please complete related case form.

DATE 11-8-06  SIGNATURE OF ATTORNEY OF RECORD

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd