IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| JOE SHIELDS, individually and on Behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>INPHONIC, INC., a Delaware Corporation,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  No. 1:06-cv-01911-CKK<br>)<br>)  **Jury Trial Demanded**<br>)<br>)<br>) |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendant InPhonic, Inc. ("InPhonic"), by and through its undersigned counsel and pursuant to Rules 7, 8 and 12 of the Federal Rules of Civil Procedure, Answers the Plaintiff's Class Action Complaint as follows:

**INTRODUCTORY PARAGRAPH**

The introductory unnumbered paragraph contains Plaintiff's general characterizations of the Complaint to which no response is required. To the extent a response is required, Defendant denies the allegations of the introductory paragraph.

**NATURE OF THE CASE**

1.  InPhonic does not have knowledge or information regarding the source of the quoted language in this Paragraph, and is unable to verify the content of the quoted language; InPhonic accordingly denies the allegations contained in quotation marks. InPhonic admits that it characterizes itself on its Internet site as "a leading online provider of wireless services and devices," however. InPhonic denies the remaining allegations of this Paragraph.

2.  InPhonic does not have sufficient knowledge or information to admit or deny whether the consumers referred to in this Paragraph "actually have to pay their cell phone service

1

providers for the receipt of such wireless spam or request that more such spam not be sent in the future," but to the extent a response is required, InPhonic denies these allegations. InPhonic denies the remaining allegations of this Paragraph.

3. Paragraph 3 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, InPhonic denies the allegations of Paragraph 3, except to admit that the lawsuit has been brought under the Telephone Consumer Protection Act, 47 U.S.C. § 277, *et seq*.

4. Paragraph 4 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, InPhonic denies the allegations of Paragraph 4, except to admit that Plaintiff is seeking an injunction and monetary awards.

5. In numbering his Complaint, Plaintiff inadvertently skipped Paragraph 5; no response to that Paragraph number is required here.

## PARTIES

6. InPhonic does not have sufficient knowledge or information to admit or deny the allegations in Paragraph 6 of the Complaint, and therefore denies these allegations.

7. InPhonic admits that it is a Delaware corporation with its principal place of business in Washington, D.C., and further states that it is an online provider of wireless services and devices, and conducts business throughout the United States via the Internet.

## JURISDICTION

8. Paragraph 8 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, InPhonic denies the allegations in Paragraph 8.

## VENUE

9. Paragraph 9 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, InPhonic denies the allegations in Paragraph 9.

## THE CONDUCT

10. Paragraph 10 of the Complaint contains Plaintiff's general characterizations of a particular industry. InPhonic does not have sufficient knowledge or information to admit or deny the allegations, and therefore denies the allegations of Paragraph 10.

11. Paragraph 11 of the Complaint contains Plaintiff's general characterizations of a specific industry and technology. InPhonic denies the allegations of Paragraph 11, except to admit that the Short Message Service is a text message service that enables short messages, also known as text messages, of typically no more than 140-160 characters in length to be sent and transmitted generally between mobile devices, including cellular telephones.

12. Paragraph 12 of the Complaint contains Plaintiff's general characterizations of a specific technology. InPhonic denies the allegations of Paragraph 12, except to admit that the Short Message Service is a text message service that enables short messages, also known as text messages, of typically no more than 140-160 characters in length to be sent and transmitted generally between mobile devices, including cellular telephones.

13. InPhonic does not have sufficient knowledge or information to fully respond to the allegations in Paragraph 13 of the Complaint, because Plaintiff has failed to define the "relevant time" referred to in that Paragraph. To the extent a response is required, however, InPhonic denies these and the remaining allegations of this Paragraph, except to admit that InPhonic once owned and licensed the WindCaster software platform to AT&T Wireless, which later merged with Cingular Wireless, until approximately April of 2005 when WindCaster was sold to a third-party. InPhonic further admits that it licensed the WindCaster platform to AT&T Wireless/Cingular Wireless to provide AT&T Wireless/Cingular Wireless the capability to send authorized information or messages to its own subscribers.

14. InPhonic does not have sufficient knowledge or information to admit or deny the allegations in Paragraph 14 of the Complaint. To the extent a response is required, InPhonic denies the allegations in Paragraph 14, except to admit that it once owned and licensed the WindCaster software platform to AT&T Wireless, which later merged with Cingular Wireless, until approximately April of 2005 when WindCaster was sold to a third-party. InPhonic further admits that it licensed the WindCaster platform to AT&T Wireless/Cingular Wireless to provide AT&T Wireless/Cingular Wireless the capability to send authorized information or messages to its own subscribers.

15. InPhonic does not have sufficient knowledge or information to admit or deny the allegations in Paragraph 15 of the Complaint. To the extent a response is required, InPhonic denies the allegations in Paragraph 15.

16. InPhonic does not have sufficient knowledge or information to admit or deny the allegations in Paragraph 16 of the Complaint. To the extent a response is required, InPhonic denies the allegations in Paragraph 16.

17. InPhonic does not have sufficient knowledge or information to admit or deny the allegations in Paragraph 17 of the Complaint. To the extent a response is required, InPhonic denies the allegations in Paragraph 17.

18. InPhonic does not have sufficient knowledge or information to admit or deny the allegations in Paragraph 18 of the Complaint. To the extent a response is required, InPhonic denies the allegations in Paragraph 18.

19. InPhonic does not have sufficient knowledge or information to admit or deny the allegations in Paragraph 19 of the Complaint. To the extent a response is required, InPhonic denies the allegations in Paragraph 19, except to admit that it once owned and licensed the WindCaster software platform to AT&T Wireless, which later merged with Cingular Wireless, until

approximately April of 2005 when WindCaster was sold to a third-party. InPhonic further admits that it licensed the WindCaster platform to AT&T Wireless/Cingular Wireless to provide AT&T Wireless/Cingular Wireless the capability to send authorized information or messages to its own subscribers.

20. InPhonic does not have sufficient knowledge or information to admit or deny the allegations in Paragraph 20 of the Complaint. To the extent a response is required, InPhonic denies the allegations in Paragraph 20, except to admit that it once owned and licensed the WindCaster software platform to AT&T Wireless, which later merged with Cingular Wireless, until approximately April of 2005 when WindCaster was sold to a third-party. InPhonic further admits that it licensed the WindCaster platform to AT&T Wireless/Cingular Wireless to provide AT&T Wireless/Cingular Wireless the capability to send authorized information or messages to its own subscribers.

## CLASS ALLEGATIONS

21. Paragraph 21 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, InPhonic denies the allegations in Paragraph 21.

22. InPhonic does not have sufficient knowledge or information to admit or deny the allegations in Paragraph 22 of the Complaint and therefore denies the allegations of this Paragraph.

23. Paragraph 23 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, InPhonic denies the allegations in Paragraph 23, including:

    (a)    InPhonic denies the allegations in Paragraph 23(a) of the Complaint;

    (b)    InPhonic denies the allegations in Paragraph 23(b) of the Complaint; and,

    (c)    InPhonic denies the allegations in Paragraph 23(c) of the Complaint.

22.     Plaintiff inadvertently numbered two paragraphs as 22. The second Paragraph 22 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, InPhonic denies the allegations in the second Paragraph 22.

23.     Plaintiff inadvertently numbered two paragraphs as 23. The second Paragraph 23 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, InPhonic denies the allegations in the second Paragraph 23.

## COUNT I – TCPA Violations

24.     No response is required to Paragraph 24 of the Complaint. InPhonic restates and re-alleges its responses to the preceding Paragraphs 1-23 of the Complaint.

25.     InPhonic denies the allegations in Paragraph 25 of the Complaint.

26.     InPhonic denies the allegations in Paragraph 26 of the Complaint.

27.     InPhonic denies the allegations in Paragraph 27 of the Complaint.

28.     InPhonic denies the allegations in Paragraph 28 of the Complaint.

29.     Paragraph 29 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, InPhonic denies the allegations in Paragraph 29.

## COUNT I: WHEREFORE CLAUSE

InPhonic denies that Plaintiff is entitled to any of the relief that he seeks in the WHEREFORE Clause of Count I of the Complaint.

## COUNT II – Injunctive Relief

30.     No response is required to Paragraph 30 of the Complaint. InPhonic restates and re-alleges its responses to the preceding Paragraphs 1-29 of the Complaint.

31.     InPhonic denies the allegations of Paragraph 31 of the Complaint, except to state that AT&T Wireless, now Cingular Wireless, was solely responsible for compiling lists of its subscribers and contacting those subscribers (who previously had authorized such contact) with the

WindCaster software that it licensed from InPhonic. Accordingly, all records, documents and other sources of information as described in this Paragraph are in the possession, custody and control of Plaintiff's own wireless service carrier, AT&T Wireless, now Cingular Wireless.

  32. InPhonic denies the allegations in Paragraph 32 of the Complaint.

## COUNT II: WHEREFORE CLAUSE

InPhonic denies that Plaintiff is entitled to any of the relief that he seeks in the WHEREFORE Clause of Count II of the Complaint.

## JURY DEMAND

InPhonic denies that Plaintiff is entitled a trial by jury in this litigation.

## AFFIRMATIVE DEFENSES

In further response to Plaintiff's Class Action Complaint, InPhonic affirmatively pleads the following defenses:

### First Affirmative Defense

Plaintiff has failed to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff has failed to join AT&T Wireless, now Cingular Wireless, as a necessary and indispensable party to this action.

### Third Affirmative Defense

Plaintiff's damages alleged in the Complaint were entirely caused, if at all, by other parties and not InPhonic.

### Fourth Affirmative Defense

Plaintiff's claims are barred by estoppel.

### Fifth Affirmative Defense

Plaintiff's claims are barred by laches.

### Sixth Affirmative Defense

Plaintiff's claims are barred by waiver.

### Seventh Affirmative Defense

Plaintiff's claims on behalf of consumers are barred to the same extent that those claims would be barred if brought by the consumers themselves, including by the Affirmative Defenses asserted herein, and, if applicable, the defenses of accord and satisfaction, arbitration and award, fraud, failure of consideration, statute of limitations, payment, release and failure of a condition precedent.

InPhonic reserves its right to assert additional affirmative and other defenses as discovery proceeds.

WHEREFORE, InPhonic respectfully requests that the Court dismiss Plaintiff's Complaint and grant InPhonic such other and further relief as the Court deems proper.

Dated: January 9, 2007                    Respectfully submitted,


/s/ Mitchell R. Berger
Mitchell R. Berger (DC Bar # 385467)
Alexandra E. Chopin (DC Bar # 490736)

**PATTON BOGGS LLP**
2550 M Street, N.W.
Washington, D.C. 20037
Phone: (202) 457-6000
Fax:    (202) 457-6315

*Attorneys for Defendant InPhonic, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 9, 2007, the foregoing Defendants' Answer and Affirmative Defenses To Plaintiff's Class Action Complaint was served by electronic delivery:

>John Blim
>Jay Edelson
>Myles McGuire
>BLIM & EDELSON, LLC
>53 West Jackson Boulevard, Suite 1642
>Chicago, Illinois 60604


>John G. Jacobs
>Bryan G. Kolton
>THE JACOBS LAW FIRM, CHTD.
>122 South Michigan Avenue, Suite 1850
>Chicago, Illinois  60603


>Stephen H. Ring
>Eric J. Menhart
>STEPHEN H. RING, P.C.
>20300 Seneca Meadows Parkway, Suite 200
>Germantown, Maryland  20876


>        /s/ Mitchell R. Berger
>Mitchell R. Berger, Esq.