UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOE SHIELDS, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>INPHONIC, INC., a Delaware Corporation,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

No. 1:06-cv-01911-CKK

**Jury Trial Demanded**

## SECOND SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT

Pursuant to the Court's Minute Entry Order of March 23, 2007, and further supplementing both their Joint Statement Pursuant to Local Civil Rule 16.3 filed March 2, 2007 (Dkt. #9)("Joint Statement") and Supplemental Joint Case Management Statement (Dkt. #10), Plaintiff Joe Shields ("Plaintiff") and Defendant InPhonic, Inc. ("InPhonic"), through their undersigned counsel, report to the Court as follows, and (in paragraph 5, *infra*) propose a schedule for further proceedings:

1.  This lawsuit arises from a text message received by Plaintiff on March 28, 2005, allegedly in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*. *See* Joint Statement at 1-2.

2.  The parties previously reported to the Court, in pertinent part, that: "AT&T has represented that its predecessor company, Cingular Wireless—and not InPhonic—sent the text message in question. InPhonic has represented that the text message in question was a Cingular advertisement. Plaintiff notes that, in response to AT&T's representation, he provided both to InPhonic and to AT&T a "Complaint Response Form" that Cingular filed with the Federal Communications Commission wherein it disclaims involvement in the text message received by Plaintiff. Nevertheless, Plaintiff has indicated that if AT&T's documents—which AT&T apparently

1

is attempting to gather—end up supporting AT&T's claim and if AT&T did not charge its customers for the receipt of these text messages, Plaintiff will be inclined to voluntarily dismiss his lawsuit." Joint Statement at 4.

3.  In minute entry orders of March 2 and 23, 2007, the Court allowed the parties time (with a current deadline of April 6, 2007) "either to determine that Plaintiff will voluntarily dismiss his claim, or to propose a schedule for summary judgment proceedings prior to the Court addressing Plaintiff's motion for class certification."

4.  Over the past five weeks, counsel for the parties have communicated with counsel for AT&T to determine when they would receive documents from AT&T that would enable Plaintiff to decide whether and, if so, how to proceed with this litigation. To date, the parties have not received documents from AT&T. As of April 5, 2007, the parties were informed by AT&T that: it had not yet been able to locate the requested documents in its own records; it expected to receive relevant records from another non-party to this lawsuit[1] either by April 6, or during the week of April 9, 2007; and, pending receipt of such documents, AT&T would not provide an affidavit concerning its role in transmitting the text message at issue in this lawsuit, and would not seek to intervene in this lawsuit. *See* E-mails dated April 5, 2007 attached hereto as Exhibit 1.

5.  The parties would have preferred to postpone submission of further case management proposals until after AT&T had provided documents showing that Cingular sent the text message at issue. However, because AT&T is unable to set a firm date by which it can provide the parties with documents on that subject, the parties respectfully request that the Court enter a minute order as follows:

---

[1] Third Screen Media, Inc. ("TSM"). In 2005, TSM purchased certain assets from InPhonic relating to a text messaging system called Windcaster. *See* Joint Statement, at 2-3 & n.3.

2

   (a) The parties shall have a period of 45 days to take discovery of AT&T or any other non-party witness concerning the potential applicability to this action of the wireless carrier exception to the TCPA[2], specifically:

    (i) whether the text message at issue in this lawsuit was sent or transmitted by Cingular, not by InPhonic;

    (ii) whether Cingular charged for receipt of that text message; and,

    (iii) the accuracy of a Complaint Response Form filed by Cingular with the Federal Communications Commission concerning that text message.

   (b) Following the completion of that discovery, the parties shall file a further report advising the Court whether Plaintiff will voluntarily dismiss his claim, or proposing a schedule for further proceedings, including motions to join AT&T as a necessary party and for summary judgment prior to the Court addressing Plaintiff's motion for class certification.

---

[2] *See* Joint Statement at 3.

Dated April 6, 2007                                                             Respectfully submitted,


| _____/s/_____ | _____/s/_____ |

Stephen H. Ring (DC Bar #255562)                    Mitchell R. Berger (DC Bar # 385467)
Eric J. Menhart                                     Alexandra E. Chopin (DC Bar # 490736)

STEPHEN H. RING, P.C.                               PATTON BOGGS LLP
20300 Seneca Meadows Parkway, Suite 200             2550 M Street, N.W.
Germantown, Maryland  20876                         Washington, D.C. 20037
Phone: (301) 540-8180                               Phone: (202) 457-6000
Fax:    (301) 540-8195                              Fax:    (202) 457-6315

John Blim                                           *Attorneys for Defendant InPhonic, Inc.*
Jay Edelson
Myles McGuire
BLIM & EDELSON, LLC
53 West Jackson Boulevard, Suite 1642
Chicago, Illinois 60604
Phone: (312) 913-9400
Fax:    (312) 913-9401

John G. Jacobs
Bryan G. Kolton
THE JACOBS LAW FIRM, CHTD.
122 South Michigan Avenue, Suite 1850
Chicago, Illinois  60603
Phone: (312) 427-4000
Fax:    (312) 427-1850

*Attorneys for Plaintiff Joe Shields*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 6, 2007, the foregoing Second Supplemental Joint Case Management Statement was served by electronic delivery:

>John Blim
>Jay Edelson
>Myles McGuire
>BLIM & EDELSON, LLC
>53 West Jackson Boulevard, Suite 1642
>Chicago, Illinois 60604


>John G. Jacobs
>Bryan G. Kolton
>THE JACOBS LAW FIRM, CHTD.
>122 South Michigan Avenue, Suite 1850
>Chicago, Illinois  60603


>Stephen H. Ring
>Eric J. Menhart
>STEPHEN H. RING, P.C.
>20300 Seneca Meadows Parkway, Suite 200
>Germantown, Maryland  20876


>              /s/ Mitchell R. Berger
>              Mitchell R. Berger, Esq.

5

# Exhibit 1

**Berger, Mitchell**
___

**From:** Landis, Kristin [klandis@mckennalong.com]
**Sent:** Thursday, April 05, 2007 5:32 PM
**To:** Jay Edelson; Berger, Mitchell
**Subject:** RE: Shields v. Inphonic

Jay:

That is partially correct. I am unable, not unwilling, to make representations regarding the contents of TSM documents.

Mitch:

To answer your question regarding an affidavit, AT&T is not willing to provide an affidavit before it reviews the TSM documents. I understand that this obviates your need for the affidavit.

Again, I understand your frustration with the delay in receiving documents, however, AT&T is working diligently to dig up what is considered to be in the wireless business very old information.

As I stated in my previous email, we hope to receive information from TSM late this week or early next week.

Truly,


Kristin

-----Original Message-----
From: Jay Edelson [mailto:jay@blimlaw.com]
Sent: Thursday, April 05, 2007 5:11 PM
To: Landis, Kristin; 'Berger, Mitchell'
Subject: RE: Shields v. Inphonic

And again just to be clear, you are not able or willing to tell us what documents you ultimately will be providing or if you will be able to reconcile those documents with the FTC document we previously provided.

-Jay

Jay Edelson
Blim & Edelson, LLC
53 West Jackson Blvd.
Suite 1642
Chicago, Illinois 60604
Tel.: (312) 913-9400
Fax: (312) 913-9401
www.blimlaw.com
www.classactionconnect.com

\*\*\*\*\*\*\*\*\*\*\*\*
The information contained in this communication is the property of Blim & Edelson. It is confidential, may be attorney work product, attorney-client privileged or otherwise exempt from disclosure under applicable law, and is intended only for the use of the addressee(s). Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited.
If you have received this communication in error, please notify us immediately be return e-mail and destroy this communication and all copies thereof, including all attachments.
\*\*\*\*\*\*\*\*\*\*\*\*

1

```
-----Original Message-----
From: Landis, Kristin [mailto:klandis@mckennalong.com]
Sent: Thursday, April 05, 2007 3:58 PM
To: Berger, Mitchell; Jay Edelson
Subject: Shields v. Inphonic
```

Gentlemen:

As I forecasted, it will not be possible to give you a declaration stating AT&T's belief that it sent the message before your filing tomorrow. I understand that each of you will need to do what is necessary to protect your clients. As I said in my last email, TSM has ensured us that they have documents relating to the text message in their archives and that they are working to get us that information.

Truly,

Kristin

CONFIDENTIALITY NOTICE:
This e-mail and any attachments contain information from the law firm of McKenna Long & Aldridge LLP, and are intended solely for the use of the named recipient or recipients. This e-mail may contain privileged attorney/client communications or work product. Any dissemination of this e-mail by anyone other than an intended recipient is strictly prohibited. If you are not a named recipient, you are prohibited from any further viewing of the e-mail or any attachments or from making any use of the e-mail or attachments. If you believe you have received this e-mail in error, notify the sender immediately and permanently delete the e-mail, any attachments, and all copies thereof from any drives or storage media and destroy any printouts of the e-mail or attachments.


CONFIDENTIALITY NOTICE:
This e-mail and any attachments contain information from the law firm of McKenna Long & Aldridge LLP, and are intended solely for the use of the named recipient or recipients. This e-mail may contain privileged attorney/client communications or work product. Any dissemination of this e-mail by anyone other than an intended recipient is strictly prohibited. If you are not a named recipient, you are prohibited from any further viewing of the e-mail or any attachments or from making any use of the e-mail or attachments. If you believe you have received this e-mail in error, notify the sender immediately and permanently delete the e-mail, any attachments, and all copies thereof from any drives or storage media and destroy any printouts of the e-mail or attachments.