UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOE SHIELDS, individually and on behalf of a class of similarly situated individuals,

                      Plaintiff,

v.

INPHONIC, INC.,

                      Defendant.

Case No. 1:06-CV-02011-CKK
Judge Colleen Kollar-Kotelly
Protective Order

**STIPULATION AND PROTECTIVE ORDER**

Documents and information produced in discovery in this case may contain or reflect information that constitutes a trade secret or other confidential technical or commercial information. Such information may include technical or commercial information of AT&T Mobility, LLC ("AT&T") or other private entities or persons not a party to this action. This Stipulation and Protective Order shall govern the production, disclosure, and use of such confidential information in discovery and in any subsequent proceedings in this action whether such production or disclosure of the confidential information is informal, voluntary, or pursuant to formal discovery requests.

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned parties, through their respective counsel, that the Court may enter this Protective Order.

1.      <u>Confidential Information</u>

For purposes of this Stipulation and Protective Order, "Confidential Information" means any type or classification of information, whether originals or copies, consisting of business or financial records, and any other writing or recording as defined by Federal Rule of Evidence 1001(1), reflecting trade secrets or other confidential technical or commercial information

(including information about AT&T's internal marketing plans, decisions and processes and the manner in which such plans, decisions and processes are or were implemented through the use of various technologies) or sensitive personal information which counsel or any of the stipulating parties has in good faith designated as confidential.  No information shall be claimed to be confidential unless counsel making the claim has a reasonable, good faith belief that the information meets the criteria specified above and qualifies for protection under Rule 26(c) of the Federal Rules of Civil Procedure.  Once so designated, Confidential Information shall be subject to the protection of this Protective Order unless such protection is expressly waived in writing by all of the stipulating parties or removed in whole or in part upon further order of the Court.

2. Definition and Manner of Designation

All information and records designated as confidential by any of the stipulating parties shall be identified by placing the word "CONFIDENTIAL" on the document.

3. Coverage

This Protective Order shall control the pretrial production, disclosure, and use of Confidential Information in discovery and any other proceedings in this case.  This Protective Order shall not constitute or be deemed to constitute a waiver of any legally protected privilege or an admission by any of the stipulating parties or a determination by a Court as to any contested issue in this case, including, without limitation, the existence or non existence of a privacy interest, trade-secret or proprietary interest, or privilege relating to said confidential information or its admissibility at trial.

4.  Use of Confidential Information

This Protective Order applies to information disclosed in discovery or otherwise in connection with this action. No party to this action or stipulating party, or their respective counsel, shall use information designated as Confidential in this action for any purpose other than the litigation of this action.

Any party copying information designated Confidential for use in this action or incorporating such information into any other document prepared for use in this action shall designate such copy or document or the relevant portion thereof as Confidential.

In the case of depositions, if information designated as Confidential is presented in the transcript of the deposition, counsel shall designate such segment of the transcript as Confidential.

All copies of Confidential documents used as exhibits in depositions, submissions to the Court, motion papers, or for trial shall be marked as Confidential.

5.  Limits on Disclosure and Use

Documents and information designated Confidential pursuant to this Protective Order shall not be disclosed except to the following persons and entities, solely for a purpose related to litigation of this action:

(i) Counsel of record for the parties to this action and any clerks, secretaries, paralegals, investigators, and/or legal assistants assisting such counsel;

(ii) Representatives of the parties to this action who are responsible for assisting counsel in discovery, pretrial activities or preparation for trial of this case who agree in writing to be bound by the terms of this Protective Order.

(iii) Experts, consultants and other persons retained or employed to consult with, advise or assist counsel in the litigation of this action who agree in writing to be bound by the terms of this Protective Order;

(iv) The Court and Court personnel;

(v) Court reporters and employees of court reporters engaged by counsel to record and transcribe deposition or trial testimony in this action; and

(vi) Any persons whom the parties intend to call as witnesses in this action who need to see the information in connection with their anticipated testimony and who agree in writing to be bound by the terms of this Protective Order (provided, however, that such persons shall not be permitted to retain the Confidential information in any written or recorded form); and

(vii) Recalcitrant Witnesses.  In the event that a party to this action reasonably determines that it is necessary to disseminate Confidential Information to any person subpoenaed or otherwise noticed to testify at any deposition, hearing, trial, or other court proceeding in this action, including without limitation any person designated as a corporate representative pursuant to Fed. R. Civ. P. 30(b)(6), and should that person fail or refuse to execute an agreement in the form of Exhibit A hereto, the party seeking to disseminate Confidential Information to that person shall either, after providing sufficient advance written notice to AT&T and all other parties, move the Court to permit the disclosure as provided in paragraph 7 below or, together with the other stipulating parties, jointly approach the Court as soon as practicable to obtain an order directing that person to comply fully with the terms of this Protective Order.

6. <u>Filing Under Seal</u>

Any party who files a document previously designated as Confidential with the Court or who incorporates Confidential information in a paper filed with the Court shall file such

document or information under seal. Upon approval by the Court, this Stipulation and Protective Order shall serve as an order authorizing the filing of such documents or information under seal, pursuant to LCvR 5.1(j).

If Confidential information is incorporated into a pleading or motion paper, counsel shall file a public version of such pleading or motion paper with the Court redacting only the Confidential information.

7.     Disputes over Access

If a dispute arises as to whether a particular person should be granted access to Confidential Information, the Plaintiff, Defendant or, as to Confidential Information that has been filed with the Court under seal, any interested member of the public seeking disclosure may, after providing sufficient advance written notice to AT&T, move the Court to permit the disclosure and must obtain an order of the Court before disclosing the Confidential Information. The burden of persuasion regarding whether the information is entitled to be treated as Confidential in any such challenge proceeding shall be on the party seeking to apply the confidentiality designation.

8.     Modification of Order

(a) The terms of this Protective Order may be modified only by Court order, provided that each of the stipulating parties receives notice of any motion seeking to modify the Protective Order.

(b) Material disclosing Confidential Information may be removed from the restrictions of this Protective Order only upon the written agreement of the stipulating parties or by Court order.

(c) In the event that the stipulating parties disagree as to the definition or designation of materials as confidential, or are unable to reach agreement regarding removing from the

restrictions of this Protective Order any document or other material claimed to be confidential, the stipulating party contesting confidentiality may, upon motion with notice to the other stipulating parties, seek a Court order removing the contested information from the terms of this Protective Order. The burden of persuasion that the information is entitled to be treated as Confidential in any such challenge proceeding shall be with the party asserting the designation.

9.      <u>Return of Designated Confidential Information</u>

When the action is concluded with finality (including any appeals), all Confidential Information shall be returned to the party producing the documents or other information including all copies thereof, or alternatively, destroyed with a certificate of destruction provided to the producing party, within thirty (30) days of any final settlement or the entry of any final, non-appealable order.

_____/s/_____
John Blim (Pursuant to LCvR 83.2(c)(1))
Jay Edelson (Pursuant to LCvR 83.2(c)(1))
Myles McGuire (Pursuant to LCvR 83.2(c)(1))
BLIM & EDELSON, LLC
53 W. Jackson Blvd, Ste. 1642
Chicago, IL  60604
Tel:  (312) 913-9400
Fax: (312) 913- 9401

John G. Jacobs (Pursuant to LCvR 83.2(c)(1))
Bryan G. Kolton (Pursuant to LCvR 83.2(c)(1))
THE JACOBS LAW FIRM, CHTD.
122 South Michigan Ave, Ste. 1850
Chicago, IL 60603
Tel: (312) 427-4000
Fax: (312) 427-1850

Stephen H. Ring (DC Bar #255562)
STEPHEN H. RING, P.C.
20300 Seneca Meadows Parkway, Ste. 200

_____/s/_____
Mitchell R. Berger (D.C. Bar # 385467)
Alexandra E. Chopin (D.C. Bar # 470736)
Patton Boggs LLP
2550 M Street, N.W.
Washington, DC  20037
Tel: (202) 457-5601
Fax: (202) 457-6315

<u>Attorneys for Defendant</u>

Germantown, MD 20876
Tel: (301) 540-8180
Fax: (301) 540-8195

Attorneys for Plaintiff


_____/s/_____

Joanne Zimolzak (D.C. Bar No. 452035)
MCKENNA LONG & ALDRIDGE LLP
1900 K St. NW
Washington, DC 20006
Tel: (202) 496-7375
Fax: (202) 496-7756

Attorneys for Non-party AT&T Mobility, LLC


**IT IS SO ORDERED:**


Dated:_____


_____
HON. COLLEEN KOLLAR-KOTELLY

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOE SHIELDS, individually and on behalf of a class of similarly situated individuals,<br><br>                              Plaintiff,<br><br>v.<br><br>INPHONIC, INC.,<br>                              Defendant. | Case No. 1:06-CV-02011-CKK<br>Judge Colleen Kollar-Kotelly<br>Protective Order |

**EXHIBIT A**

**AGREEMENT CONCERNING DOCUMENTS AND/OR MATERIALS COVERED BY**

# CONSENT PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

      I have been designated by _____[PARTY NAME]_____ as a person who may have access to certain Confidential Information as that term is defined in the Consent Protective Order Regarding Confidential Information (the "Protective Order") entered in the above-entitled case.

      Having read the Protective Order, I agree to comply fully with it and to be bound by its terms with respect to all documents and/or materials or the information contained therein designated as "Confidential Information" under the Order. I agree not to copy any documents or information that have been designated as "Confidential Information" and disclosed to me, and not to disclose such documents and/or materials or the information contained therein to any person or entity not authorized under the Protective Order to view Confidential Information.

      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this _____ day of _____, 2007.

 

_____
Name

_____
Address

_____
Employer

_____
Job Title

Sworn to and subscribed before me this __ day of _____, 2007

_____
Notary Public

My Commission Expires:

_____
[NOTARIAL SEAL]